J. H. KENDRICK v. THE STATE.

No. 18784. Delivered March 10, 1937.
On the Merits April 21, 1937.
Rehearing Denied June 16, 1937.

The opinion states the case.

*John Davenport* and *W. W. Ballard,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—In pursuance of our examination of this record, in response to appellant's motion for rehearing,

our attention is attracted to the fact that it does not show any notice of appeal, which fact being true this court would have no jurisdiction to pass upon the case. For the reason just mentioned the judgment of affirmance is withdrawn, and the appeal will be dismissed, and it is so ordered.

## ON THE MERITS.

HAWKINS, JUDGE.—Conviction is for robbery, punishment being five years in the penitentiary.

The judgment was affirmed at a former day of the term, there being at that time no statement of facts on file. It was later shown that the statement of facts had been properly filed in the court below but in transmitting the record to this court the statement of facts was omitted. After the statement of facts reached this court it was then discovered that the record failed to show notice of appeal. The judgment of affirmance was withdrawn and the appeal was dismissed. Appellant now shows that notice of appeal was properly given but same was not brought forward in the transcript. The appeal is now reinstated and the case will be considered on its merits. Carelessness in preparing and transmitting records to this court, such as here appears, is scarcely pardonable, and brings about unnecessary delay.

On the night of April 15th, 1936, Gladys Evans and Johnnie May Newsome were dancing at the Chille King Cafe in Wichita Falls, Texas. They met two young men, Buddy Winslow and W. C. Irwin, and agreed to go with them to Oklahoma. When the two boys and girls came out of the cafe appellant was sitting in a car under the steering wheel, apparently asleep. He had not been in the cafe. The girls and Winslow and Irwin got in the car and appellant drove away. Gladys Evans testified substantially as follows: They drove out to the Rainbow Gardens in Wichita Falls, then to Burkburnett, back to Wichita Falls, and then started to Oklahoma. When they reached Electra and while passing a filling station there appellant remarked "That looks good to me." He turned and drove back to the station, it being agreed that they would "high-jack" it. Appellant told Irwin to get under the wheel and be ready to start the car when appellant and Winslow robbed the station. Appellant held a pistol on S. K. Hawkins, the service man on duty, made him open the cash register and then lie down on the floor while Winslow took the money from the register. Before leaving appellant struck Hawkins three times on the head

with a black-jack. After the robbery they proceeded on their way to Oklahoma, Irwin driving for a while, but soon being relieved by appellant. Near the bridge on Red River the license plates on the car were changed, all of the boys aiding in the change. Johnnie May Newsome's testimony was substantially the same as that of Gladys Evans. Hawkins identified appellant positively as the man who held the pistol on him during the robbery and Winslow as the man who took the money. Hawkins was lying on his face when struck on the head, but from the position of the parties as described by him, the inference would be that appellant struck the blows. Appellant was arrested by Oklahoma officers at a house in the country. He had the pistol which was identified as having been used in the robbery. Hawkins did not remember the entire license number on the car occupied by the robbers, but the beginning numbers were A-50. On the same Saturday night of the robbery a minister who lived near Wichita Falls had the license plates stolen from his car; the number was A-50,590. Under the front seat of the car found by the officers near where appellant was arrested was found one Texas license plate numbered A-50,590. The title to the car showed to be in Mrs. Kendrick.

Bill of exception number one brings forward complaint that the trial court declined to strike out an irresponsive answer of Gladys Evans to a question asked her by appellant's counsel on cross-examination. Conceding that the answer appears not to have been responsive it is doubtful if the bill contains enough recitals of the facts to exhibit error. All the bill shows of the testimony of the witness, or of the question and answer complained of is as follows:

"Q. Did you talk to this defendant any going up to Burkburnett? A. No, sir.

"Q. Did you hear anything that he said? A. Well they just drove out the Burk Road and counted the money they got after they had highjacked the man and girl out on the road at the Rainbow Gardens."

If we go to the direct testimony of the witness in the statement of facts her evidence was that after all of them got in the car they drove out to the Rainbow Gardens—just drove around the Gardens—but did not stop. No inquiry appears to have been made of her by the State regarding the "high-jacking" of anybody at or near the Gardens. On cross-examination the incident complained of occurred. If the bill be considered we are inclined to think the court should have responded to

appellant's complaint that the answer was not responsive. In explanation of the bill the court says after appellant had testified he informed the jury that evidence of any occurrence at the Rainbow Gardens was limited to the purpose of showing guilty knowledge or intent of appellant, if it did so show. No other reference to any occurrence at Rainbow Gardens was made by anybody until appellant was turned over for cross-examination, at which time his counsel requested the court to instruct counsel for the State to make no inquiry about any occurrence at the Rainbow Gardens. The court denied the request and appellant complains of this ruling in bill number two. State's counsel interrogated appellant on the point. He denied that he or anybody else stopped on the trip to Rainbow Gardens, or that anybody was robbed there. If the answer of Gladys Evans was irresponsive to the extent that the court should have withdrawn it from the jury, still in view of the entire testimony and the fact that appellant was given the minimum punishment we are led to conclude that no injury was shown, and therefore we would not be warranted in predicating reversal upon either of the incidents shown by bills of exception one and two.

Bill of exception number three has been abandoned. Bills numbers four, five and six reserve complaint at the court's instruction to the jury in several particulars. An examination of the charge in the light of the exceptions thereto has not impressed us that the objections are meritorious.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant presents a motion for rehearing contending that the bill of exception embracing the testimony of the witness Gladys Evans demanded a reversal of the conviction. It is thought that the matter was properly disposed of in the original opinion.

The motion for rehearing is overruled.

*Overruled.*